UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**JERXAVIER L. LANE**　　　　　　　　　　**CIVIL ACTION NO. 23-0271**

　　　　　　　　　　　　　　　　　　　　　**SECTION P**

**VS.**

　　　　　　　　　　　　　　　　　　　　　**JUDGE TERRY A. DOUGHTY**

**LEON EMANUEL, ET AL.**　　　　　　　**MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Plaintiff JerXavier Lane, a prisoner at David Wade Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately February 28, 2023, under 42 U.S.C. § 1983. He names the following Defendants: Judge Leon Emanuel, District Attorney Charles Rex Scott, District Attorney Paul D. Carmouche, Judge Roy Brun, Assistant District Attorney Geya Prudhomme, Ricky Swift, Michelle M. AndrePont, and David McClatchey.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that on December 9, 2008, in the First Judicial District Court, Caddo Parish District Attorney Charles R. Scott filed a false indictment against him, charging him with second degree murder. [doc. # 1, p. 7]. Plaintiff claims that District Attorney Paul D. Carmouche assisted District Attorney Scott in the filing of the false indictment. *Id.* Plaintiff alleges that the indictment was false because it "was not brought by the grand jury, was not signed by the 'Grand Jury Foreman,' and was not presented into open court by the Grand Jury[.]" *Id.* at 12.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff claims that Caddo Parish District Judge Leon Emmanuel allowed District Attorney Scott to file the false indictment against him. *Id.* at 7.

Plaintiff claims that from December 11, 2008, to February 25, 2009, his public defender, Ricky Swift, "failed to act on having the false indictment dismissed and allowed the false prosecution to go forward . . . ." *Id.* at 8.

Plaintiff claims that from July 21, 2009, to September 27, 2010, his public defender, Michelle AndrePont, "failed to act on having the false indictment dismissed and allowed the prosecution to continue . . . ." *Id.* at 9.

Plaintiff claims that from December 15, 2010, to June 14, 2011, his public defender, David McClatchey, "failed to act on having the false indictment dismissed and allowed [] [Assistant] District Attorney Geya Prudhomme to falsely prosecute[,]" falsely convict, and falsely sentence him. *Id.* at 9.

Plaintiff claims that on June 14, 2011, Assistant District Attorney Prudhomme falsely prosecuted him "under the false pretense of the false indictment filed December 9, 2008[,] falsely charging Plaintiff with second degree murder[.]" *Id.* at 8.

Plaintiff claims that Judge Roy Brun allowed Assistant District Attorney Prudhomme to prosecute him "under the false pretense of the false indictment[.]" *Id.*

Plaintiff seeks compensatory and punitive damages. *Id.* at 15-16.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

2

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Prosecutorial Immunity**

As above, Plaintiff claims that on December 9, 2008, District Attorney Charles R. Scott filed a false indictment against him. [doc. # 1, p. 7]. He claims that District Attorney Paul D. Carmouche assisted District Attorney Scott in the filing of the false indictment. *Id.* He alleges that the indictment was "false" because it "was not brought by the grand jury, was not signed by the 'Grand Jury Foreman,' and was not presented into open court by the Grand Jury[.]" *Id.* at 12. Finally, he claims that on June 14, 2011, Assistant District Attorney Geya Prudhomme falsely prosecuted him "under the false pretense of the false indictment filed December 9, 2008[.]" *Id.* at 8.

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[S]tate prosecutors are absolutely immune from § 1983 damages claims based on activities intimately associated with the judicial phase of the criminal process." *Singleton v. Cannizzaro*, 2020 WL 1922377, at *3 (5th Cir. Apr. 21, 2020).

The Court "distinguishes between (1) actions taken 'in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State,' and (2) 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Id.* (*quoting Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "[C]onduct protected by absolute immunity is not limited only to the act of initiati[ng judicial proceedings] itself and to conduct occurring in the courtroom, but instead includes all actions which occur in the course of [the prosecutor's] role as an advocate of the State." *Id.* (internal quotation marks and quoted sources omitted).

5

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, District Attorneys Scott and Carmouche, in their individual capacities,[3] are immune from Plaintiff's claims that they filed a false indictment against him. *See Mosley v. Vance*, 47 F.3d 425 (5th Cir. 1995) (finding a prosecutor immune where the plaintiff alleged that the prosecutor "altered the indictments."); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (finding a prosecutor immune where the prosecutor allegedly amended the indictment "after the jury was empaneled."). As above, deciding when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006).

Assistant District Attorney Geya Prudhomme is also immune from Plaintiff's claim that she falsely prosecuted him "under the false pretense of the false indictment filed December 9, 2008[.]" *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Brown v. Dove*, 519 F.

---

[3] *See Mairena v. Foti*, 816 F.2d 1061, n.1 (5th Cir. 1987) (observing that "prosecutorial immunity is a personal defense" and is inapplicable where a district attorney is "sued in his official capacity only.").

6

App'x 237, 238 (5th Cir. 2013) ("[C]onclusory allegations of . . . malicious prosecution do not pierce [prosecutorial] immunity."); *Jones v. Texas*, 267 F. App'x 392, 393 (5th Cir. 2008) (prosecutors do not forfeit immunity simply because the plaintiff alleges that they acted maliciously, intentionally, or in retaliation).

Under Plaintiff's allegations, Scott, Carmouche, and Prudhomme acted only in the course of their roles as advocates for the State. Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from defendants immune from such relief.

**3. Judicial Immunity**

Plaintiff claims that Judge Leon Emmanuel allowed District Attorney Scott to file a false indictment against him. [doc. # 1, p. 7]. Plaintiff claims similarly that Judge Roy Brun allowed Assistant District Attorney Prudhomme to prosecute him "under the false pretense of the false indictment[.]" *Id.* at 8.

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (*citing Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts

consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

Here, managing or presiding over a court proceeding and deciding whether to dismiss an indictment are all acts normally performed by a judge. Moreover, Plaintiff does not allege that Judges Emmanuel or Brun acted outside of their courtrooms or chambers. Likewise, Plaintiff's claims clearly "center around" proceedings before Judges Emmanuel and Brun, and nothing indicates that the alleged acts arose outside of a visit to Judges Emmanuel and Brun in their official capacities.[4] Nor does Plaintiff allege that either judge acted in the absence of all jurisdiction. *See* LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

Accordingly, Judges Emmanuel and Brun are entitled to absolute judicial immunity. The Court should dismiss these claims.

**4. Public Defenders**

Plaintiff claims that from December 11, 2008, to February 25, 2009, his public defender, Ricky Swift, "failed to act on having the false indictment dismissed and allowed the false

---

[4] *See Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity.").

prosecution to go forward . . . ." [doc. # 1, p. 8]. He claims that from July 21, 2009, to September 27, 2010, his public defender, Michelle AndrePont, "failed to act on having the false indictment dismissed and allowed the prosecution to continue . . . ." *Id.* at 9. Finally, he claims that from December 15, 2010, to June 14, 2011, his public defender, David McClatchey, "failed to act on having the false indictment dismissed and allowed [] District Attorney Geya Prudhomme to falsely prosecute[,]" falsely convict, and falsely sentence him. *Id.*

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Here, Plaintiff's public defenders did not act under color of state law. *See Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function).[5]

The Court should dismiss these claims.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff JerXavier L. Lane's

---

[5] *See also O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.").

claims against District Attorney Charles R. Scott, District Attorney Paul D. Carmouche, Assistant District Attorney Geya Prudhomme, Judge Leon Emmanuel, and Judge Roy Brun be **DISMISSED** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief from defendants immune from such relief.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Public Defenders Ricky Swift, Michelle M. AndrePont, and David McClatchey be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 21st day of March, 2023.

Kayla Dye McClusky
United States Magistrate Judge